UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FADI ALMASHINI,

    Plaintiff,

v.                                               CASE NUMBER:

WEST PALM BEACH EVENT HALL
LLC, ALAN H. WELLES, Individually,
and LINDA VELASQUEZ, Individually;

    Defendants.
_____/

## COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA (§207) AND DEMAND FOR JURY TRIAL

Plaintiff, FADI ALMASHINI (hereinafter "Plaintiff" or "Almashini"), by and through his undersigned counsel, herein sues Defendants, WEST PALM BEACH EVENT HALL LLC, ALAN H. WELLES, Individually, and LINDA VELASQUEZ, Individually (collectively "Defendants"), pursuant to the Fair Labor Standards Act (the "FLSA") and states as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff, FADI ALMASHINI, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. § 207.

2.    The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

Feldman Law Group, PA | 1715 N. Westshore Blvd., Suite #400 | Tampa | Florida | 33607 | PH (813) 639-9366

3. Plaintiff's job positions as a clerk and bartender when he was employed by Defendants were non-exempt job positions under the FLSA.

4. Pursuant to policy and plan, Defendants unlawfully misclassified Plaintiff as an exempt employee to avoid compensating him for time worked in excess of forty (40) hours per week.

5. Plaintiff's primary job duties as an employee of Defendants consisted of serving customers and tending to the liquor store by, among other things, restocking shelves, cleaning, working the cash register, filling ice, and reporting to Defendants, Alan H. Welles and Linda Velasquez, the total sales and gross profit percentages of the liquor store for the evening.

6. Plaintiff worked for Defendants as a clerk and bartender at "5 a.m. Liquor" located at 4246 Okeechobee Blvd, West Palm Beach, Florida 33415 from October of 2014 until August 27, 2015.

7. Throughout Plaintiff's employment with Defendants he was required to work in excess of forty (40) hours per week and did so.

8. Defendants failed to pay Plaintiff in accordance with the FLSA.  Specifically, Plaintiff was not paid time and a half of his regular rate of pay for all hours worked in excess of forty (40) hour per week.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

**PARTIES, JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant

to 28 U.S.C. § 1331, because this action involves a Federal Statute, 29 U.S.C. § 201, *et seq.*

11. This Court has personal jurisdiction over this action because Defendants operate substantial business in Palm Beach County, Florida and the damages at issue occurred in Palm Beach County, Florida.

12. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b).

13. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

14. Defendant, WEST PALM BEACH EVENT HALL LLC, is a Florida Limited Liability Company with its principal address located at 2223 Palm Beach Lakes Blvd., Ste. 101, West Palm Beach, FL 33409.

15. Defendant, ALAN H. WELLES, is the owner of Defendant, WEST PALM BEACH EVENT HALL LLC, and was Plaintiff's employer within the meaning of the FLSA as he had the power to hire and fire employees, including Plaintiff, supervised and controlled Plaintiff's conditions of employment, determined the rate and method of payment to Plaintiff, maintained Plaintiff's employment records and had significant operational control of Defendant, WEST PALM BEACH EVENT HALL LLC's, day to day operations.

16. As an officer, manager and/or owner of the Defendant, WEST PALM BEACH EVENT HALL LLC, who had significant operational control of its day to day operations Mr. Welles is an employer within the meaning of the FLSA. *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

17. Defendant, LINDA VELASQUEZ, was the general manager of Defendant, WEST PALM BEACH EVENT HALL LLC, during Plaintiff's employment with Defendants and had the power to hire and fire employees, including Plaintiff, supervised and controlled Plaintiff's work schedule and had significant operational control of Defendant, WEST PALM BEACH

EVENT HALL LLC's, day to day operations.

18. As an officer, manager and/or owner of the Defendant, WEST PALM BEACH EVENT HALL LLC, who had significant operational control of its day to day operations Ms. Velasquez is an employer within the meaning of the FLSA.  *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cae. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

19. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. §203.

20. The overtime wage provisions set forth in 29 U.S.C. §207 apply to Defendants as they engage in commerce under the definition of the FLSA and Defendant, WEST PALM BEACH EVENT HALL LLC, is an enterprise whose annual gross volume of sales or business done is not less than $500,000.00 during each of the last 3 fiscal years.

21. All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

22. Plaintiff was hired by Defendant, Alan H. Welles, to work as a clerk at 5 a.m. Liquor store, a store wholly owned by Defendant, WEST PALM BEACH EVENT HALL, LLC, on October 12, 2014.

23. As a clerk Plaintiff's primary job duties consisted of tending to the cash register, restocking shelves, cleaning, refilling the ice, and reporting to Defendants, Alan H. Welles and Linda Velasquez, the total sales and gross profit percentage of the liquor store each day.

24. As a clerk Plaintiff was initially paid an hourly wage of $8.00 per hour and, after his initial 90 days, Defendant, Alan H. Wells, increased Plaintiff's hourly wage to $9.00.

25. As a clerk Plaintiff regularly worked in excess of forty (40) hours per week and regularly worked past 5:00 a.m. cleaning the liquor store, closing out the cash register, counting money, and reporting the evening's total sales and gross profit percentage to Defendants, Alan H.

Welles and Linda Velasquez.

26. Despite regularly working in excess of forty (40) hours per week Defendants failed to pay Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for all the hours he worked in excess of forty (40) in a work week.

27. In or around May of 2015 Plaintiff began working as a bartender for Defendants and his pay rate was decreased to an hourly wage of $6.50.

28. As a bartender Plaintiff regularly worked in excess of forty (40) hours per week.

29. Despite regularly working in excess of forty (40) hours per week as a bartender Defendants failed to pay Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for all the hours he worked in excess of forty (40) in a work week.

30. As a result of not being paid an overtime premium Plaintiff complained to Defendants, Alan H. Welles and Linda Velasquez, and, upon information and belief, in June of 2015, Defendants paid Plaintiff a salary of $650.00 every two weeks.

31. There were weeks where Plaintiff worked thirteen (13) straight days as a bartender/clerk and was not paid an overtime premium for his overtime hours.

32. Defendants had no reasonable grounds to believe that Plaintiff fell within any of the exemptions to the overtime provisions of the FLSA.

33. Upon information and belief Defendants failed to comply with the record keeping provisions of the FLSA and they failed to maintain time records for Plaintiff during his employment with Defendants.

34. Plaintiff was willfully misclassified by Defendants as an exempt employee to avoid compensating him time and a half for hours worked in excess of forty (40) hours per work week.

35. Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I

Feldman Law Group, PA | 1715 N. Westshore Blvd., Suite #400 | Tampa | Florida | 33607 | PH (813) 639-9366

## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

36. Plaintiff readopts and re-alleges the allegations set forth in paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

38. Defendants were "employers" within the meaning of 29 U.S.C. §203(d).

39. The overtime wage provision set forth in FLSA §207 applies to Defendants as they engage in commerce under the definition of the FLSA.

40. Throughout Plaintiff's employment with Defendants he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

41. Defendants compensated Plaintiff as if he was an exempt employee; however, his work duties dictate that he should have been classified and compensated as a non-exempt employee. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance.

42. Defendants were, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and know, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

43. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week.

44. During the relevant time period, Defendants required Plaintiff, a non-exempt employee under the FLSA, to regularly work in excess of forty hours in a work week without payment of overtime.

Feldman Law Group, PA | 1715 N. Westshore Blvd., Suite #400 | Tampa | Florida | 33607 | PH (813) 639-9366

45. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay for all such hours, for the purposes of decreasing costs and maximizing profitability.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants.  If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

47. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff, FADI ALMASHINI, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to §216 of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:  December 29, 2015

Respectfully submitted by,

_____
Dennis A. Creed, Esq.
Florida Bar. No. 80349
Joseph Odato, Esq.

        Florida Bar No. 86201
        Feldman Law Group, P.A.
        1715 N. Westshore Blvd., Suite #400
        Tampa, Florida 33607
        Telephone: (813) 639-9366
        Fax: (813) 639-9376
        Email: dcreed@ffmlawgroup.com
        Email: jodato@ffmlawgroup.com
        *Attorneys for Plaintiff, Fadi Almashini*